UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MANUEL RAMIREZ,

    Plaintiff,

v.

US DISTRICT COURT, et al.,

    Defendants.

Case No. C12-534-JLR

REPORT AND RECOMMENDATION

## I. INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff, proceeding *pro se*, has filed a proposed complaint and an application to proceed *in forma pauperis* ("IFP") in the above-entitled civil action. Dkt. 1-1. After careful consideration of Plaintiff's proposed complaint, Plaintiff's IFP application, the governing law, and the balance of the record, the Court recommends that Plaintiff's proposed complaint, Dkt. 1-1, be DISMISSED without prejudice for failure to state a claim upon which relief may be granted, and his IFP application, Dkt. 1, be DENIED as moot. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

## II. BACKGROUND

Although Plaintiff's proposed complaint filed on March 30, 2012, is largely undecipherable, Plaintiff's action appears to argue that one of his prior cases[1] was improperly dismissed after he failed to appear because he was in the hospital. Dkt. 1-1.

## III. DISCUSSION

A plaintiff must "plead a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. ("FRCP") 8(a)(2). This statement must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Under 28 U.S.C. § 1915(e), the district court must dismiss a case "at any time" it determines a complaint is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all IFP proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Here, Plaintiff's proposed complaint fails to allege sufficient facts to place any Defendant on notice of the nature of Plaintiff's claims or otherwise provide any basis for jurisdiction in this Court. *See* FRCP 8(a). Specifically, it is entirely unclear how Plaintiff's civil rights were violated in relation to his hospitalization, and why the Court would be liable for doing "nothing about resolving the case" or for ignoring Plaintiff's "being on the streets or

---

[1] A search of court records reveals that Plaintiff has filed a number of lawsuits in this District, all of which have been closed: *Ramirez v. Black Entertainment Television*, Case No. C08-491-MJP; *Ramirez v. Washington State Dep't of Corrections*, Case No. C08-492-RSM; *Ramirez v. State of Washington*, Case No. C08-497-RSL; *Ramirez v. United States of America*, Case No. C08-538-JLR; *Ramirez v. United States of America*, Case No. C09-1290-RAJ; *Ramirez v. United States of America*, Case No. C10-810-RSM; *Ramirez v. United States of America*, Case No. C11-32-RAJ; *Ramirez v. United States District Court*, Case No. C11-1318-MJP.

hospitalized with broken ribs and much much more." Dkt. 1-1. Furthermore, Plaintiff's request for relief is enigmatic; for example, he states that, *inter alia*, "Instructions are on the deodorants (arm-pits): Shoulder tattoos." Dkt. 1-1. Accordingly, Plaintiff has failed to state a claim against Defendant, and his proposed complaint must be dismissed as frivolous.

## IV. CONCLUSION

For all of the foregoing reasons, the Court recommends that plaintiff's proposed complaint, Dkt. 1-1, be DISMISSED without prejudice, and that his IFP application, Dkt. 1, be DENIED as moot. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). A proposed order accompanies this Report and Recommendation.

DATED this 3rd day of April, 2012.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge